UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHAVON GREEN,                              :
                                           :
        Plaintiff,                         :    CIVIL ACTION - LAW
                                           :
  - against -                              :
                                           :    JURY TRIAL DEMANDED
MANAGEMENT & TRAINING                      :
CORPORATION D/B/A                          :
KEYSTONE JOB                               :
CORPS CENTER,                              :
BARBARA BLOSS,                             :
LORI THURINGER AND                         :
CHARLENE HENTOSH,                          :
                                           :
                                           :    No.
        Defendants.                        :

## COMPLAINT

Plaintiff, Shavon Green, by her attorneys, the Dyller Law Firm, Barry H. Dyller, Esq. and Theron J. Solomon, Esq., for her Complaint, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of violations of 42 U.S.C. § 2000e, *et seq.*, 43 Pa.C.S. § 951, *et seq.*, 42 U.S.C. §1981 and the common law.

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331, 1343 and 1367.  Venue is

proper in this judicial district under 28 U.S.C. § 1391(b) because defendants reside in this State and this judicial district, and because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.  Venue is proper under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices occurred in this judicial district.

      3.    All conditions precedent to jurisdiction under section 706 of Title VII, 42 U.S.C. § 2000e-5(f)(1), have occurred or been complied with. Plaintiff filed a claim of employment discrimination with the Pennsylvania Human Relations Commission ("PHRC") and with the Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a Notice of Right to Sue.  This Complaint is filed within 90 days of such Notice of Right to Sue.

## THE PARTIES

      4.    At all times relevant hereto, plaintiff Ms. Green was an adult individual residing at 409 West Diamond Avenue, Hazleton, PA, 18201.

      5.    Upon information and belief, defendant Management & Training Corporations ("MTC") d/b/a Keystone Job Corps Center ("Keystone"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in the State of Utah, and

conducting business in the Commonwealth of Pennsylvania at 235 West Foothills Drive, Drums, PA 18222.

6. The MTC is a "person" within the meaning of § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a), and § 3 of the Pennsylvania Human Relations Act, 43 Pa.C.S. § 954(a). The MTC is engaged in an "industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(h). The MTC had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar years, and is thus an "employer" within the meaning of 42 U.S.C. § 2000e(b). The MTC employs four or more persons within the Commonwealth of Pennsylvania, and is thus an "employer" within the meaning of 43 Pa.C.S. § 954(b).

7. Defendant Barbara Bloss ("Ms. Bloss") is a residential advisor for MTC d/b/a Keystone. At all relevant times, Ms. Bloss was a residential advisor at Keystone.

8. Defendant Charlene Hentosh ("Ms. Hentosh") is a residential advisor for MTC d/b/a Keystone. At all relevant times, Ms. Hentosh was a residential advisor at Keystone.

9. Defendant Lori Thuringer ("Ms. Thuringer") is a human resources manager for MTC d/b/a Keystone. At all relevant times, Ms. Thuringer was a human resource manager at Keystone.

10. Upon information and belief, all defendants herein are residents of the Commonwealth of Pennsylvania.

**FACTUAL BACKGROUND**

11. On or about September 13, 2010, Ms. Green was hired as a Residential Advisor for Keystone Job Corps Center.

12. Starting in approximately May 2011 and continuing until her termination in August 2013, Ms. Green was subjected to racial comments and the victim of racially charged harassment.

Racial Discrimination by MTC and Keystone

13. Ms. Green is African American.

14. On or about May 2011, Ms. Green was informed by residential advisor, Joseph Barbiotti, that Ms. Bloss refers to Ms. Green and the other African American residential advisor, Ms. Cherize Reeves, as "two worthless lazy niggers." Ms. Bloss also referred to the African American students as "monkeys."

4

15. On or about January 2012, Ms. Green reported Ms. Bloss to Residential Living Manager, Samantha Mishko, because Ms. Bloss stated to Ms. Green that she "only tolerates blacks."

16. Ms. Green was routinely subjected to comments such as "you people," that "whites should bring back the confederacy and slavery," and if the Mafia was still in Hazleton, they would kill all the "niggers and spics."

17. On June 9, 2013, Ms. Hentosh stated to Ms. Esposito, in referring to Ms. Green, "Who does that nigger think she is, she ain't shit" and that she would get all the "whites" at the center to turn against her.

18. Ms. Green endured severe and pervasive harassment, which created a hostile working environment based on her African American race.

Ms. Green's Official Complaints of Harassment

19. Ms. Green complained to Kelly Yahner, Residence Manager, Samantha Mishko, Residence Manager and Lori Thuringer, Human Resource Manager, a total of five times from November 2012 until July of 2013.

20. When Ms. Green complained to Human Resources Manager, Lori Thuringer, about the harassment, Ms. Thuringer thought the complaints were funny and laughed about it.

21. In June 2013, Ms. Green reported to her union representative, Renay Arnold, that her car had been scratched.

22. On June 10, 2013, Ms. Green complained about the harassment to defendant's human resources representative, Craig Gimbe.

23. On July 1, 2013, Ms. Green received a letter from human resource manager, Ms. Thuringer, stating Ms. Green's case was completed and the matter was closed as "unfounded."

24. Upon information and belief, Keystone did not initiate a full and effective investigation of Ms. Green's racial harassment complaint.

Retaliation Toward Ms. Green

25. On or about August 2, 2013, Ms. Green was terminated from her employment with Keystone by Ms. Thuringer.

26. Ms. Thuringer accused Ms. Green of posting inappropriate pictures of the workplace on Instagram. Ms. Green does not have an Instagram account.

27. Other employees, who are Caucasian, specifically, but not limited to Rickey Eisenhower and Wana Bostic, made postings to Facebook and social media, fraternized with and/or threatened students, and/or sent inappropriate text messages to students, but were not discharged.

28. Mr. Rickey Eisenhower sent inappropriate text messages to female students with whom he had sexual relations but was not discharged.

29. Ms. Wana Bostic posted to Facebook that she would run over students with her car, but was not discharged.

The Effect On Ms. Green

30. As a result of defendants' actions and inactions described above, Ms. Green suffered both economic and emotional harm.

COUNT ONE
(42 U.S.C. §1981)
(Against Management & Training Corporation)

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 as if fully repeated herein.

32. Defendants intentionally discriminated against Ms. Green because of her race/African-American.

33. Defendant MTC terminated Ms. Green's contract because of her African-American race.

34. As a result of such discrimination, Mr. Green was damaged.

COUNT TWO
(42 U.S.C. § 2000e-2(a))
(Against Management & Training Corporation)

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if fully repeated herein.

36. Ms. Green was discriminated against with respect to the terms, conditions or privileges of her employment, because of her race. The MTC thus established an unlawful employment practice.

37. As a result of such unlawful employment practice, Ms. Green was damaged.

COUNT THREE
(42 U.S.C. § 2000e-2(m))
(Against Management & Training Corporation)

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as if fully repeated herein.

39. Ms. Green's race was a motivating factor for an employment practice of the MTC. Such employment practice was therefore unlawful.

40. As a result of such unlawful employment practice, Ms. Green was damaged.

## COUNT FOUR
### (42 U.S.C. § 2000e-3(a))
### (Against Management & Training Corporation)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 as if fully repeated herein.

42. The MTC discriminated against Ms. Green because she opposed an unlawful employment practice under 42 U.S.C. § 2000e, *et seq.* The MTC thus established an unlawful employment practice.

43. As a result of such unlawful employment practice, Ms. Green was damaged.

## COUNT FIVE
### (43 Pa.C.S. § 951, *et seq.*)
### (Against all defendants)

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 as if fully repeated herein.

45. All defendants' conduct as set forth above constitutes a violation of the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951, *et seq.*

46. As a result of the defendants' conduct as set forth above, Ms. Green was damaged.

## COUNT SIX
## (43 Pa.C.S. § 955(d))
## (Against all defendants)

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 as if fully repeated herein.

48. All defendants' discriminated against Ms. Green because she opposed a practice forbidden by 43 Pa.C.S. § 951, *et seq.*

49. All defendants' conduct as set forth above constitutes a violation of the Pennsylvania Human Relations Act, 43 Pa.C.S. § 955(d).

50. As a result of defendants' conduct as set forth above, Ms. Green was damaged.

WHEREFORE, plaintiff demands judgment as follows:

A. For Count One, an amount to be determined at trial, including punitive damages, plus interest;

B. For Count Two, an amount to be determined at trial, including punitive damages, plus interest;

C. For Count Three, an amount to be determined at trial, including punitive damages, plus interest;

D. For Count Four, an amount to be determined at trial, including punitive damages, plus interest;

E. For Count Five, an amount to be determined at trial, plus interest;

F. For Count Six, an amount to be determined at trial, plus interest

G. For back pay and front pay;

H. For plaintiff's attorneys' fees;

I. For the costs and disbursements incurred in this action; and

J. For such other and further relief as the Court deems just and proper.

>
> DYLLER LAW FIRM
>
> /S/ Barry H. Dyller
> Theron J. Solomon
> Attorney for Plaintiff
> Gettysburg House
> 88 North Franklin Street
> Wilkes-Barre, PA  18701
> (570) 829-4860

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.